IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DEANGELO LEMONT DOSS, PIERRE LAMAR JORDAN, MARIO LAMBERT, SIR TYRONE LOVE, and AUGUSTUS YOUNG, | ) ) ) ) ) ) |
| Defendants. | ) ) |

No. 3:16-CR-145-TAV-HBG

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 1, 2017, for a scheduled pretrial conference and motion hearing on Defendant Love's Motion to Continue Trial [Doc. 52], filed on July 28, 2017, and Defendant Jordan's Motion to Join in Co-defendant Motion [Doc. 53] and Motion to Withdraw as Defense Counsel and Appoint Substitute Counsel [Doc. 54], both filed on July 31, 2017. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Kimberly A. Parton represented Defendant Deangelo Lemont Doss. Attorney Stephen G. McGrath appeared on behalf of Defendant Pierre Lamar Jordan. Attorney Joseph A. Fanduzz represented Defendant Mario Lambert. Assistant Federal Defender Jonathan A. Moffatt represented Defendant Sir Tyrone Love. Attorney Joshua D. Hedrick appeared on behalf of Defendant Augustus Young. Defendants Doss, Jordan, and Lambert were also present for the hearing. Defendants Love and Young were excused from attending the hearing.

The Court first took up Attorney McGrath's request to withdraw from representation of Defendant Jordan. In his motion, Mr. McGrath argues that the relationship between himself and Defendant Jordan is irretrievably broken due to deep philosophical differences between himself and the Defendant. At the hearing, Defendant Jordan confirmed that he wanted new counsel. The Government took no position on the request. AUSA Davidson said that the previous afternoon, Mr. McGrath had informed her that he and the Defendant had reached an impasse and that Mr. McGrath would be moving to withdraw.

The Court conducted a sealed, *ex parte* hearing with Mr. McGrath and Defendant Jordan in order to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court concludes that the trust necessary for the attorney-client relationship is irretrievably broken. In so holding, the Court finds that Mr. McGrath's representation of the Defendant is not the basis for this breach of trust. Instead, the Court deems the Defendant's attitude and actions to be at the heart of the deterioration of the relationship. As a result, the trust and communication necessary for an adequate defense no longer exists and that the situation is unlikely to improve. Accordingly, the Court reluctantly finds that good cause exists to substitute new counsel for Mr. McGrath. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause. Mr. McGrath's request to withdraw [**Doc. 54**] is **GRANTED**, and Mr. McGrath is relieved as counsel for the Defendant Jordan.

The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney Donny M. Young appeared at the motion hearing and agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Young under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, as counsel of

record for Defendant Jordan.  In so doing, the Court admonished the Defendant of the need to work with his counsel and informed him that it will entertain a request for yet another attorney only in the case of an actual conflict of interest or in the most extraordinary of circumstances.  The Supreme Court has firmly established that the Sixth Amendment does not entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney.  Morris v. Slappy, 461 U.S. 1, 13-14 (1983).  The Defendant is encouraged to make every effort to work with Mr. Young through the remainder of this case.  Mr. McGrath is **DIRECTED** to turn over the file and all discovery to Mr. Young as expeditiously as possible.

After the Court substituted new counsel for Defendant Jordan, Defendants Doss and Lambert were brought to the courtroom, and the Court took up Defendant Love's request [Doc. 52] to continue the August 15 trial date.  In his motion, Defendant Love asks the Court to continue the trial to give defense counsel additional time to investigate the case, confer with the Defendant about the discovery, and to conduct legal research.  He asserts that a trial continuance will serve the ends of justice and may permit Defendant Love to resolve the case without a trial.  Mr. McGrath filed a motion [Doc. 53] asking to join in the motion to continue on behalf of Defendant Jordan.  Mr. Young stated that Defendant Jordan still had no objection to a trial continuance.  Ms. Parton stated that Defendant Doss joins in the motion to continue.  Mr. Fanduzz said Defendant Lambert did not object to a trial continuance.  Mr. Hedrick stated that, while Defendant Young had no objection to a trial continuance, Defendant Young had recently entered into a plea agreement and was no longer proceeding to trial.  Counsel for Defendants Doss, Jordan, Lambert, and Love said that their clients were waving their speedy trial rights with regard to this motion.  AUSA Davidson stated that the Government also did not object to a trial continuance and noted that Defendant Lambert had entered this case recently.  The parties agreed on a new trial date of December 12, 2017.

3

The Court finds the joint motion [Doc. 52] for a continuance to be unopposed and well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 30] charges the Defendants with a Hobbs Act robbery and with brandishing firearms in furtherance of that robbery. Defendant Lambert made his initial appearance in this case on June 20, 2017, and Defendant Jordan received new counsel at the August 1 motion hearing. The Court finds that defense counsel, particularly counsel for Defendants Jordan and Lambert, need time to review discovery, to interview witnesses, to investigate the case, and to prepare for trial. The Court finds that the Defendants could not be ready for trial by August 15, 2017, or in less than three and one-half months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motion [**Doc. 52**] to continue the August 15, 2017 trial date is **GRANTED**. The trial of this matter is reset to **December 12, 2017**. The Court also finds that all the time between the **August 1, 2017** hearing, and the new trial date of **December 12, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). The deadline for filing pretrial motions in this case has expired. None of the Defendants asked that the motion deadline be reopened. If Mr. Young determines that a pretrial motion is necessary, he must file a motion for leave to file the motion out of time, attaching a copy of the desired motion. The parties are to appear before the undersigned for a pretrial conference on **November 28, 2017, at 11:00 a.m.** This date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **November 27, 2017**. Special requests for jury instructions

4

shall be submitted to the Chief District Judge no later than **December 1, 2017**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Motion to Withdraw as Defense Counsel and Appoint Substitute Counsel [**Doc. 54**] is **GRANTED**, and Attorney Stephen G. McGrath is **RELIEVED** as counsel for the Defendant Jordan.  Mr. McGrath is **DIRECTED** to turn over the case file and all discovery in this case to new counsel as soon as possible;

(2) Attorney Donny M. Young is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Jordan pursuant to the CJA;

(3) Defendant Jordan's Motion to Join in Co-Defendant Motion [**Doc. 53**] and Defendant Doss's oral motion to join in the Motion to Continue Trial are **GRANTED**;

(4) The Motion to Continue Trial [**Doc. 52**] is **GRANTED**, and the trial of this matter is reset to commence on **December 12, 2017**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(5) All time between the pretrial conference and motion hearing on **August 1, 2017**, and the new trial date of **December 12, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) Motions *in limine* must be filed no later than **November 27, 2017**;

(7) A pretrial conference before the undersigned is set for **November 28, 2017, at 11:00 a.m.**  This date is also the deadline for concluding plea negotiations and providing reciprocal discovery; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **December 1, 2017**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge