UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:16-CR-145-TAV-JEM-2 ) |
| PIERRE LAMAR JORDAN, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's pro se motion for compassionate release [Doc. 249]. The Federal Defender Services of Eastern Tennessee filed a notice of no intention to supplement defendant's motion [Doc. 258]. The government responded in opposition [Doc. 259]. For the reasons set forth below, defendant's motion for compassionate release [Doc. 249] will be **DENIED**.

**I.    Background**

On May 9, 2018, defendant pleaded guilty to Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; and carrying and brandishing a weapon during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 [Docs. 74, 87]. On February 12, 2019, the Court sentenced defendant to 117 months' imprisonment followed by five years of supervised release [Doc. 160].

According to the Bureau of Prisons' website, defendant is presently scheduled for release on May 31, 2025. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 24, 2025).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons ("BOP"). Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.* Defendant seeks relief under a § 3582(c)(1)(A)(i) motion [Doc. 249].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

In this case, defendant has not presented evidence that he exhausted his administrative remedies through a request to the BOP [*See* Doc. 249]. The government submits correspondence from the BOP indicating that, upon an internal investigation concerning defendant's submission, the warden cannot find any such request [Doc. 259-1, p. 1; *see also* Doc. 259, p. 3]. The Court cannot overlook what the United States Court of Appeals for the Sixth Circuit has described as "a 'glaring roadblock foreclosing

3

compassionate release.'" *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Indeed, as the Sixth Circuit made clear in *Alam*, "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions," "[b]ecause 'Congress sets the rules' when it comes to statutory exhaustion requirements." *Id*. at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19 (2017)). Thus, the Court may not proceed to the merits of defendant's claims because he has not satisfied the mandatory exhaustion requirement contained in § 3582(c)(1)(A).

## IV. Conclusion

For the reasons set forth above, defendant's motion [Doc. 249] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE